UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-0025 VAP (JCG) | Date | June 4, 2012 |
|---|---|---|---|
| Title | Michael A. Haywood v. Douglas N. Gericke, *et al.* | | |

| Present: The Honorable | Jay C. Gandhi, United States Magistrate Judge | |
|---|---|---|
| Beatriz Martinez | None Appearing | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: | |
| None Appearing | None Appearing | |

**Proceedings:**   **(IN CHAMBERS) ORDER DISMISSING COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT**

## I.   Introduction

On February 15, 2012, plaintiff Michael A. Haywood ("Plaintiff"), proceeding *pro se*, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983.  The Complaint alleges four causes of action arising out of Plaintiff's arrest and prosecution for a 2000 burglary and a 2002 escape attempt.  As currently pled, the Complaint warrants dismissal, but Plaintiff shall be afforded leave to amend out of an abundance of caution.

## II.   Allegations of the Complaint

Plaintiff alleges that on January 3, 2000, the Rialto City Police Department falsely arrested him for first degree burglary.  (Complt. at 8.)  Plaintiff further alleges that prosecutors, his defense attorney, and a state judge unlawfully conspired together and convinced Plaintiff to plead guilty, despite the fact that he did not commit the burglary.  In exchange for his plea, Plaintiff, a minor at the time, received "no time in custody[,]" but was required to enter a "[f]oster [c]are [p]rogram ...."  (*Id.* at 11, 14-15.)

In October 2000, Plaintiff left his foster care "placement without permission" and was again arrested.  (Complt. at 16-17.)  Following additional court proceedings, Plaintiff was committed to the California Youth Authority ("CYA") on his burglary adjudication.  (*Id.* at 17-18.)

While in CYA custody, Plaintiff allegedly "attempt[ed] to escape."  (Complt. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-0025 VAP (JCG) | Date | June 4, 2012 |
|---|---|---|---|
| Title | Michael A. Haywood v. Douglas N. Gericke, *et al.* | | |

19.)  During the ensuing court proceedings, Plaintiff was certified to be tried as an adult, and ultimately sentenced to 16 months in state prison.[1]  (*Id.* at 19-22, 33-34.)  Later, Petitioner filed a state habeas petition in the California Supreme Court, which was denied by then Chief Justice Ronald M. George.  (*Id.* at 23.)

Based on these allegations, and liberally construed, Plaintiff advances four claims: (1) conspiracy to falsely and maliciously arrest, prosecute, and imprison Plaintiff for burglary; (2) conspiracy to illegally certify Plaintiff to be tried and convicted, as an adult, for escape; (3) conspiracy to illegally incarcerate Plaintiff in state prison; and (4) improper denial of Plaintiff's state habeas petition.  (Complt. at 26-42.)  Plaintiff requests 200 million dollars in monetary damages.  (*Id.* at 43.)

### III.  Legal Standards

The Prison Litigation Reform Act obligates the Court to review complaints filed by all persons proceeding *in forma pauperis*, and by prisoners seeking redress from governmental entities.  *See* 28 U.S.C. §§ 1915(e)(2) and 1915A.  Under these provisions, the Court may *sua sponte* dismiss, "at any time," any prisoner civil rights action and all other *in forma pauperis* complaints which are frivolous or malicious, fail to state a claim, or seek damages from defendants who are immune.  *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126-1127 (9th Cir. 2000).

The dismissal for failure to state a claim "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In making such a determination, a complaint's allegations must be accepted as true and construed in the light most favorable to plaintiff.  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1990).  However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads enough factual content to allow a court "to draw the reasonable inference that the defendant is liable for

---

[1] Plaintiff alleges that he "was 17 years old when he was committed to the California Department of Corrections ...."  (Complt. at 22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-0025 VAP (JCG) | Date | June 4, 2012 |
|---|---|---|---|
| Title | Michael A. Haywood v. Douglas N. Gericke, *et al.* | | |

the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

## IV. Plaintiff's Claims are *Heck* Barred

Under *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994), a plaintiff cannot recover damages under § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,]" unless the plaintiff can "prove that the conviction or sentence" has been reversed, expunged, or declared invalid. *See also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005).

Here, all of Plaintiff's claims impugn the legality or duration of confinement of Plaintiff's juvenile adjudication for first degree burglary or conviction for escape. (*See* Complt. at 26-42.) Moreover, there is no indication that Plaintiff's juvenile adjudication, conviction, or sentences have been reversed, expunged, or invalidated. To the contrary, Plaintiff alleges that the California Supreme Court denied his 2004 state habeas petition. (*See* Complt. at 41.) Further, the Court notes that it denied two federal habeas petitions filed by Petitioner in 2003 and 2004. *See Haywood v. Corey*, No. CV 03-0044 NM (Mc) (C.D. Cal. filed Jan. 13, 2003); *see also Haywood v. Kane*, No. CV 04-10597 NM (Mc) (C.D. Cal. filed Dec. 29, 2004).

Consequently, since a judgment in Plaintiff's favor would imply the invalidity of his prior criminal adjudications, the Court finds that Plaintiff's claims are *Heck* barred.

## V. Plaintiff's Claims are Untimely

"Section 1983 does not contain its own statute of limitations." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). Instead, "federal courts borrow the statute of limitations ... applicable to personal injury claims in the forum state." *Id.* In California, this period is two years. *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007). Federal law, however, determines when a civil rights claim accrues. *TwoRivers*, 174 F.3d at 991. And under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* at 991-992.

Here, all four of Plaintiff's claims accrued many, many years ago: (1) Plaintiff's first claim accrued when he was arrested, prosecuted, and imprisoned for burglary in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-0025 VAP (JCG) | Date | June 4, 2012 |
|---|---|---|---|
| Title | Michael A. Haywood v. Douglas N. Gericke, *et al.* | | |

**2000**; (2) Plaintiff's second claim accrued when he was prosecuted and imprisoned for escape in **2002**; (3) Plaintiff's third claim accrued when he was incarcerated in state prison in **2002**-**2003**; and (4) Plaintiff's fourth claim accrued when his state habeas petition was denied in **2004**. (Complt. at 8-22, 26-35, 40-42.)

Thus, the statute of limitations expired on Plaintiff's four claims in **2002**, **2004**, **2004-2005**, and **2006**, respectively. Plaintiff did not file his Complaint until **2012**. Accordingly, the Court finds that Plaintiff's claims are barred by the statute of limitations.[2]

## VI. <u>Judicial Immunity</u>

Of the 13 defendants named in the Complaint, five are state court judges.[3] "Judges and those performing judge-like functions are absolutely immune ... from damage actions for judicial acts taken within the jurisdiction of their courts." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). Such "immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" *Id.* (citation omitted).

"A judge loses absolute immunity only when he acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). "A clear absence of all jurisdiction means a clear lack of all *subject matter jurisdiction*." *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1389 (1987) (emphasis added). And an act is "judicial" when it is a function normally

---

[2] The Court notes that even with the benefit of prison *or* minor tolling, Plaintiff still missed the filing deadline by several years. *See* Cal. Civ. Proc. Code §§ 352.1(a) and 352(a).

[3] In addition to the 13 defendants specifically named in the "Parties" section of the Complaint, Plaintiff references other individuals throughout his discursive 44-page Complaint. (*See* Complt. at 2-7.) The Court declines to speculate as to whether Plaintiff intended to name these other individuals as defendants in this action. If Plaintiff chooses to amend, he should specifically name each defendant in the appropriate section of the First Amended Complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-0025 VAP (JCG) | Date | June 4, 2012 |
|---|---|---|---|
| Title | Michael A. Haywood v. Douglas N. Gericke, *et al.* | | |

performed by a judge and the parties dealt with the judge in his or her judicial capacity. *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).

Here, Plaintiff has not plausibly alleged that defendant judges clearly lacked subject matter jurisdiction over his burglary, escape, and habeas proceedings. Instead, at most, Plaintiff alleges that defendant judges erroneously acted in excess of their jurisdiction. But the Ninth Circuit has held that judges retain immunity even when they misinterpret a jurisdiction-conferring statute, and erroneously act in excess of jurisdiction. *See Schucker*, 846 F.2d at 1204 (explaining that even where a judge acts "'in excess of jurisdiction,' the act was not done 'in the clear absence of jurisdiction'"); *see also Sadoski v. Mosley*, 435 F.3d 1076, 1079 (9th Cir. 2006).

Nor is there is any indication that defendant judges performed acts that were not judicial in nature. As such, the Court finds that defendant judges are immune.

## VII. Eleventh Amendment Immunity

Plaintiff sues thirteen state employees in their individual and official capacities. (Complt. at 2-7.) However, suits for damages against state officials acting in their official capacities are barred by the Eleventh Amendment. *See Flint v. Dennison*, 488 F.3d 816, 824-825 (9th Cir. 2007).

## VIII. Leave to File a First Amended Complaint

As the Court is unable to determine whether amendment to the Complaint would be entirely futile, leave to amend is granted in an abundance of caution. *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

Accordingly, **IT IS ORDERED THAT**:

1) By **July 2, 2012**, Plaintiff may submit a First Amended Complaint to cure the deficiencies discussed above. The Clerk of Court is **DIRECTED TO** mail Plaintiff a court-approved form to use for filing the First Amended Complaint. **If Plaintiff fails to use the court-approved form, the Court may strike the First Amended Complaint and dismiss this action.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 12-0025 VAP (JCG) | Date | June 4, 2012 |
|---|---|---|---|
| Title | Michael A. Haywood v. Douglas N. Gericke, *et al.* | | |

2) If Plaintiff chooses to file a First Amended Complaint, it must comply with Federal Rule of Civil Procedure 8, and contain short, plain statements explaining: (a) the constitutional right Plaintiff believes was violated; (b) the name of the defendant who violated that right; (c) exactly what that defendant did or failed to do; (d) how the action or inaction of that defendant is connected to the violation of Plaintiff's constitutional right; and (e) what specific injury Plaintiff suffered because of that defendant's conduct. *See* Fed. R. Civ. P. 8. If Plaintiff fails to affirmatively link the conduct of the defendant with the specific injury suffered by Plaintiff, the allegation against that defendant will be dismissed for failure to state a claim. Conclusory allegations that a defendant has violated a constitutional right are not acceptable and will be dismissed.

3) Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint," and it must be retyped or rewritten in its entirety on the court-approved form. The First Amended Complaint may not incorporate any part of the Complaint by reference.

4) Any amended complaint supersedes the Complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). After amendment, the Court will treat the Complaint as nonexistent. *Id.* Any claim that was raised in the Complaint is waived if it is not raised again in the First Amended Complaint. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

**IT IS SO ORDERED**.

cc: Parties of Record

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | bm |